J-S71025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXIS NUNEZ, | : | |
| | : | |
| Appellant | : | No. 477 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 18, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003688-2018

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 06, 2020**

Alexis Nunez (Appellant) appeals *pro se* from the judgment of sentence imposed after he entered a negotiated guilty plea to possession of firearm prohibited and driving under the influence of alcohol.[1]

Appellant entered his negotiated plea on December 18, 2018.  That same day, the trial court sentenced him to an aggregate 5 to 10 years in prison.  Appellant filed a timely post-sentence motion asking the trial court to reconsider the sentence.  On January 3, 2019, the trial court denied Appellant's post-sentence motion.  Appellant filed a timely appeal.  On February 4, 2019, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  Appellant filed a *pro se* 1925(b) statement challenging

_____

[1] 18 Pa.C.S.A. § 6105 and 75 Pa.C.S.A. § 3802(c).

the discretionary aspects of his sentence on February 21, 2019. That same day, the assistant public defender filed a petition to extend time for the filing of a counseled 1925(b) statement on Appellant's behalf. The trial court granted the petition on February 22, 2019, and on March 13, 2019, the assistant public defender filed a 1925(b) statement which likewise claimed that Appellant's sentence was "excessive and harsh."

Instead of issuing an opinion, the trial court entered an order transmitting the record to this Court. The order states that "the sole error alleged in Appellant's Concise Statement of Matters Complained of on Appeal contends that the Court abused its discretion." Order, 3/18/19. The order further states that "Appellant entered into a negotiated plea for a minimum sentence not to exceed the bottom of the standard range," and "sentencing is a matter vested in the sound discretion of the sentencing judge." *Id.* The order also states that Appellant did not request the notes of testimony. *Id.*

After the record was transmitted, Appellant filed with this Court an application for relief seeking to proceed *pro se*. On April 29, 2019, we remanded the matter to the trial court for a *Grazier* hearing.[2] On May 31, 2019, the trial court held a *Grazier* hearing, after which it entered an order finding that Appellant "intelligently, knowingly and voluntarily gives up his right to appellate counsel." Order, 5/31/19. The order also specified that

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant "shall request any information from the Public Defender's file within 21 days from today's date." *Id.* Appellant has since proceeded *pro se*.

In his brief, Appellant presents three plea-related issues for our review:

1. May the Appellant's guilty plea stand if such guilty plea was given under false pretenses, that is to say, if such guilty plea was given involuntarily, unknowingly and/or unintelligently?

2. May the Appellant's guilty plea stand if such guilty plea was based upon misinformation that the Appellant received from his legal counsel?

3. May the Appellant's guilty plea stand if such guilty plea was based upon a negotiated plea deal that the sentencing judge deviated from?

Appellant's Brief at 4.

Upon review, we agree with the Commonwealth that Appellant's claims are waived because they were not preserved in a concise statement. Pa.R.A.P. 1925(b)(4)(vii) (issues not included in the concise statement are waived). We further agree that even if Appellant had raised his plea-related issues as provided in Pa.R.A.P. 1925(b), our review would be impeded because Appellant has failed to include the relevant notes of testimony from December 18, 2018 in the record. We have explained:

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a). . . . When the appellant or cross-appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

*Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (citations omitted).

At the *Grazier* hearing, the court advised:

THE COURT:          Okay. So I would ask [Appellant] to check back and see if you have a transcript of the guilty plea and sentencing. If you don't have it –

[APPELLANT]:         Okay.

THE COURT:          -- let me know.

[PUBLIC DEFENDER]:  Your Honor, can we put like 21 days to notify us –

THE COURT:          Okay.

[PUBLIC DEFENDER]:  -- just so that we have some time frame here?

THE COURT:          Okay. So given everything that you've said to me, [Appellant], you have no questions for me?

[APPELLANT]:         No, ma'am.

N.T., 5/31/19, at 9.

There is no indication in the record that Appellant took action to obtain the December 18, 2018 plea and sentencing transcript, or whether it was even transcribed. In his reply brief, Appellant argues against waiver and states, "if this Court deems the absence of the Appellant's sentencing transcripts to be detrimental to the full appellate review of this case, Appellant wishes to take this time to supplement the reproduced record to add the aforementioned sentencing hearing transcripts pursuant to Pa.R.A.P. 2156." Reply Brief for Appellant at 1. However, Rule 2156 pertains to the **reproduced** record, not

- 4 -

the certified record. We have stated, "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record **certified** on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Preston**, 904 A.2d at 7. Further, even if Appellant had asked to correct the certified record and had cited the correct rule, Rule 1926, he waived the request by waiting approximately seven months after the trial judge put him on notice that the notes of the sentencing hearing had not been transcribed to make the request.

We also note that, even if preserved, Appellant's second claim assailing plea counsel's representation is not reviewable on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (claims of ineffective assistance of counsel are to be deferred to PCRA review).

Finally, we recognize that although Appellant has chosen to proceed *pro se*:

> . . . *pro se* status confers no special benefit upon [A]ppellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing

**Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citations omitted).

In sum, and for the above reasons, we find waiver and affirm the judgement of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/20